**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TIMOTHY M. BEERS,

Defendant-Appellant.

No. 03-2136
(D.C. No. CIV-01-423 WJ/DJS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE**,** Senior District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

In this action pursuant to 28 U.S.C. § 2255, a Certificate of Appealability (COA) was granted as to the following issues:

> 1) Whether Mr. Beers' due process rights were violated by the ineffective assistance of his trial counsel in failing to inform him of the nature of the plea bargain offered by the government; and
>
> 2) Whether Mr. Beers' due process rights were violated by the ineffective assistance of his trial counsel in denying him his right to testify on his own behalf.

Having reviewed these issues in light of the entire record, we affirm. [1]

After a jury trial, Mr. Beers was found guilty of one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and coercion and enticement to engage in prostitution in violation of 18 U.S.C. § 2422(a). The court sentenced Mr. Beers to 188 months imprisonment, and this court affirmed the conviction, *see United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999).

Mr. Beers now contends he received ineffective assistance of counsel because his attorney did not inform him of the nature of a plea bargain offered early on by the government and did not attempt to persuade him to accept it. Mr. Beers further maintains that his trial counsel denied him his right to testify on his own behalf.

---

[1] We deny COA as to all the other issues Mr. Beers raises because we conclude he has not "made a substantial showing of the denial of a constitutional right" as to any of them. 28 U.S.C. § 2253(c)(2).

A magistrate judge held an evidentiary hearing on Mr. Beers' § 2255 motion after which he recommended that the motion be denied. The district court summarily adopted the magistrate judge's proposed findings and recommended disposition, and this appeal followed. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a).

"The district court's finding of ineffective assistance of counsel presents a mixed question of fact and law we review *de novo,* although we accept the district court's factual findings unless clearly erroneous." *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997). Under the familiar two-prong analysis of *Strickland v. Washington*, 466 U.S. 668 (1984), Mr. Beers has the burden of proving his counsel's representation fell below an objective standard of reasonableness and the deficiency prejudiced his defense. *Id.* at 687-88.

After hearing the evidence, the magistrate judge found the testimony of Mr. Beers' first attorney, Mr. Marshall Aungier, more credible than that of Mr. Beers. We therefore cannot conclude the magistrate was clearly erroneous in finding Mr. Beers failed to establish that the terms of the government's favorable plea bargain were not conveyed to him or that Mr. Aungier failed to counsel him to accept it. Because Mr. Aungier's performance was not deficient, the assistance he rendered to Mr. Beers was not ineffective. *See id.* at 687.

As for the second issue, if Mr. Beers' trial counsel actually overrode his desire to testify, his counsel's conduct fell below an objective standard of reasonableness and would satisfy the first prong of *Strickland*. *See United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992) ("Where the defendant claims a violation of his right to testify by defense counsel, the essence of the claim is that the action or inaction of the attorney deprived the defendant of the ability to choose whether or not to testify in his own behalf. In other words, by not protecting defendant's right to testify, defense counsel's performance fell below the constitutional minimum, thereby violating the first prong of the *Strickland* test."). Even if counsel overrode his desire to testify, however, Mr. Beers must show prejudice, which is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

With respect to whether Mr. Beers' two trial attorneys denied him his right to testify, we further agree with the magistrate judge that, even if Mr. Beers' counsel had prevented him from testifying and thus rendered ineffective assistance, Mr. Beers has failed to show prejudice from his counsel's performance. The evidence Mr. Beers sought to introduce, particularly the evidence attempting to demonstrate that Mr. Beers had treated his kidnap victim well, would almost certainly have led to the introduction by the prosecution of

-4-

highly damaging evidence that Mr. Beers had abused his young victim. Evidence of Mr. Beers' long criminal history, including a state conviction on pimping charges, and the tape of a telephone conversation in which Mr. Beers threatened to cut the throat of the victim's mother would also presumably have come into evidence. Given these realities, Mr. Beers has failed to demonstrate he was prejudiced by the fact that he did not testify at trial.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Stephanie K. Seymour
Circuit Judge